# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

| | |
|---|---|
| TMM Data, LLC, a Pennsylvania limited liability company, | No. 5:14-CV-729-FL |
| Plaintiff, | |
| v. | |
| ASHISH BRAGANZA, an individual, | |
| Defendant. | |

## STIPULATED PROTECTIVE ORDER

The parties hereto acknowledge that during the course of this proceeding certain matters may be produced which are or may constitute trade secret, confidential research, development, or otherwise confidential commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure. The parties are desirous of protecting such confidential information from inappropriate disclosure and have therefore stipulated that this Protective Order be entered by the Court in the above-captioned action ("the Action") and that it shall govern all confidential and protected information produced in this proceeding.

For purposes of this Order, the following definitions shall apply:

A. "Documents" has the meaning set forth in Federal Rule of Civil Procedure 34(a), and includes all tangible written, recorded (electronically or otherwise), or graphic material, whether produced or created by a party or another person, and whether produced pursuant to the discovery rules, by agreement, or otherwise, and includes, without limitation, documents,

1

interrogatory answers, responses to requests for admissions, deposition transcripts and exhibits, pleadings, motions, affidavits, affirmations, and briefs, or any portion of any of the above.

B.  "Confidential Document" means any Document that a party to this action or the producing person believes in good faith contains: (i) any trade secret or other confidential research, development or commercial information within the meaning of Federal Rule of Civil Procedure 26(c)(7); or (ii) confidential or proprietary information about either party, and which bears the legend, or is otherwise designated, "CONFIDENTIAL."

C.  "Confidential Information" means information contained in Confidential Documents and/or in testimony designated as "CONFIDENTIAL," as set forth below.  All testimony that refers or relates to Confidential Documents or Information, and all deposition exhibits that consist of or contain Confidential Documents or Information, shall automatically be deemed to carry those designations. Confidential Information further includes information disclosed orally that the disclosing party believes in good faith contains: (i) trade secret or other confidential research, development or commercial information within the meaning of Federal Rule of Civil Procedure 26(c)(7); or (ii) confidential or proprietary information about either party, provided that, within ten days after such disclosure, the disclosing party delivers to the receiving party a written document describing the information disclosed and referencing the place and date of such disclosure.  Confidential Information does not include any document or information that is: (i) generally known to those in the industry prior to any disclosure hereunder, or (ii) generally known to those in the industry without breach of this Order; or (iii) approved for release by written authorization of the party who owns the information; or (iv) disclosed to the receiving party by a third party lawfully possessing such document or information and under no

obligation of confidentiality; or (v) developed independently by the receiving party or any employees or designated agents thereof independently and without any use whatsoever of information received by the receiving party under this Order; (vi) advertising materials, (vii) materials that on their face show that they have been published to the general public, or (viii) documents that have been submitted to any governmental entity (excluding income tax and related documents) without request for or statutory entitlement to confidential treatment.

D. Information designated as "CONFIDENTIAL" may be additionally designated "ATTORNEYS' EYES ONLY". The "ATTORNEYS' EYES ONLY" designation is reserved for Confidential Information that constitutes proprietary, personal, financial or technical data or commercially sensitive competitive or personal information, including, but not limited to, Confidential Information obtained from a nonparty pursuant to a current Nondisclosure Agreement (NDA), Confidential Information relating to future products not yet commercially released, strategic plans, marketing information, financial information, consumer account or transaction information, and any other information the disclosure of which is likely to cause harm to the competitive position of the producing party.

**THE FOLLOWING PROTECTIVE ORDER SHALL GOVERN THE PRODUCTION OF CONFIDENTIAL INFORMATION IN THIS PROCEEDING:**

1. Confidential Documents and Information shall not be used or shown, disseminated, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

2. Confidential Documents and Information that are designated "CONFIDENTIAL" may be disclosed only to the following persons ("Qualified Persons"):

a. Two client representatives for each party, provided that each such representative is involved in the prosecution or defense of this action and has the need to know such information in the prosecution or defense of this action. Each party shall identify the designated representative to the other parties before granting such access;

b. Outside counsel of record for the parties to this action, including their paralegal assistants and secretaries, and employees or agents of counsel, including jury and graphics consultants and copying or document scanning personnel retained by counsel, to the extent reasonably necessary to render professional services in this action, including appeals, and provided that such persons are actively engaged in the prosecution or defense of this action;

c. Persons identified in a document designated as "CONFIDENTIAL" as an author of the document in part or in whole, or persons identified on the document as one to whom a copy of such document was sent prior to its production in this action;

d. Witnesses where at least one of the following conditions applies:

   i. the witness is a current employee of the designating party;

   ii. the witness is an author of the document or received the document received during the time when such person was an employee of the designating party;

   iii. the witness' name appears on the Confidential Document or Information as a person who has previously seen or had access to the Confidential Document or Information, or if it is reasonably established that the witness has

knowledge of information contained in the document about which the witness is being examined;

  iv. the designating party has consented on the record of the deposition to the showing of the Confidential Document or Information to the witness; or

  v. the party wishing to show the witness the Confidential Document or Information notifies the designating party of that desire, with a specific listing of the Confidential Documents or Information to be so shown, and the designating party consents in writing to such showing, which consent will not be unreasonably withheld. If, however, such consent in writing is not received, such Confidential Documents or Information may not be shown to the witness until and unless the party wishing to show the Confidential Documents or Information to the witness moves for and obtains appropriate relief from the Court upon good cause shown.

Witnesses being shown Confidential Documents or Information under subparagraphs (d)(ii), (iii), (iv) or (v) shall not be allowed to retain copies of the Confidential Documents or Information. However, a witness who was shown Confidential Documents or Information during a deposition may review the Confidential Documents or Information while reviewing his or her transcript, provided that any Confidential Documents or Information is not retained by the witness after he or she has completed his or her review of the transcript for accuracy;

  e. Court reporting personnel involved in taking or transcribing testimony in this action, provided that any such court reporting personnel agrees that all Confidential Documents and Information designated as such under this Order shall remain

"confidential" and shall not be disclosed, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record;

      f.    Outside consultants or experts, including their clerical support staff, retained for the purpose of assisting counsel in this action, subject to the condition that such consultant or expert, prior to any disclosure of Confidential Documents or Information thereto, be identified to the opposing party no less than five (5) business days prior to a proposed disclosure, and shall provide notice of the name, address, occupation and professional background of the expert or independent consultant, if within that five (5) day period, an objection is stated to such disclosure, no such disclosure will be made without prior approval of the Court.

3.    Confidential Documents and Information designated "ATTORNEYS' EYES ONLY" shall be available only to persons identified under Paragraphs 2(b), (c), (d), (e), and (f) above, and shall not be available to persons identified under Paragraph 2(a) above.

4.    Confidential Documents and Information shall be used solely for the prosecution or defense of this action.

5.    Notwithstanding the provisions of paragraphs 2 or 3 hereto, a party or producing person is free to disclose or use his, her or its own Confidential Documents or Information without restriction.

6.    Before any person described in paragraph 2(a), 2(d)(v) or 2(f) is given access to Confidential Documents or Information, the individual to whom disclosure is to be made shall sign and date an undertaking substantially in the form of the attached Exhibit A. A copy of such

6
Case 5:14-cv-00729-FL   Document 30   Filed 06/15/15   Page 6 of 17

undertaking shall be held by counsel of record for the party so disclosing the Confidential Documents or Information. The parties agree not to use the undertakings for any purpose other than monitoring and enforcing compliance with this protective order.

7. Counsel for the parties to whom Confidential Documents or Information have been furnished shall be responsible for restricting disclosure in accordance with the provisions of this Order.

8. Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court.

Any document or thing containing or embodying Confidential Documents or Information that is to be filed in this action shall be filed electronically as a confidential submission using the Court's ECF or by filing paper submissions in sealed envelopes or other sealed containers and which shall bear the caption of the case, identify the contents for docketing purposes, and bear a statement substantially in the form:

**CONFIDENTIAL**

**Filed under Protective Order. This envelope is not to be opened nor the contents thereof displayed or revealed except by order of the Court or by agreement of the parties.**

Outside attorneys of record for the parties are hereby authorized to be persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without further order of the Court, and are the persons to whom such confidential exhibits or other confidential matters may be returned, if they are not so retrieved. No material or copies thereof so filed shall be released except by order of the Court, to outside counsel of record or as otherwise provided for hereunder.

9. At a deposition or within thirty (30) days after the date of the deposition, counsel for any of the parties or the deponent may designate specific testimony or transcript pages as Confidential by notice on the record at the deposition or in writing to counsel for all parties and for the deponent. Until the expiration of the thirty day period, all testimony contained in the transcript volume shall be treated as ATTORNEYS' EYES ONLY. To the extent that Confidential Documents or Information contained therein are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Confidential Documents or Information, without the need for further designation.

10. At any time after the delivery of Confidential Documents or Information, counsel for the party or parties receiving the Confidential Documents or Information may challenge the Confidential designation of all or any portion thereof by providing written notice thereof to counsel for the disclosing party. If the parties are unable to agree as to whether the confidential

designation of the documents or information is appropriate, the receiving party may file a motion challenging the designation. The disclosing party shall have the burden of establishing that the disputed Confidential Documents or Information are entitled to confidential treatment. All Confidential Documents and Information are entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, or a contrary determination is made by the Court as to whether all or a portion of a Confidential Document or Information is entitled to confidential treatment.

11. The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

12. A designating party that mistakenly fails to mark an item as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY CONFIDENTIAL" at the time of the production, or fails to provide a written description of orally disclosed Confidential Information, shall not be deemed to have waived, in whole or in part, any claim of confidentiality, either as to the specific information disclosed or as to any other information thereto on the same or related subject matter. In the case of documents, any such misdesignated materials shall be designated as "CONFIDENTIAL" as soon as reasonably possible after the producing party becomes aware of the failure to mark. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item, appropriately marked as Confidential material. Within five business days of receipt of the substitute copies, the receiving party shall return or destroy the previously unmarked items and all copies thereof. In the case of orally disclosed information, a written description of the information must be provided, as set forth above.

13. The party or parties receiving Confidential Documents or Information shall not under any circumstances sell, offer for sale, advertise, or publicize them.

14. After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. The Court retains and shall have continuing jurisdiction over the parties and recipients of the Confidential Documents and Information for enforcement of the provisions of this Order following termination of this litigation.

15. If at any time documents containing Confidential Information are subpoenaed by any court, arbitral, administrative, or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to every party who has produced such documents and to its counsel and shall provide each party with an opportunity to object to the production of such documents. If a producing party does not take steps to prevent disclosure of such documents within ten (10) business days of the date written notice is given, the party to whom the referenced subpoena is directed may produce such documents in response thereto.

16. This Order shall apply to any non-party to this action who shall be called upon to make discovery or provide deposition or other testimony in connection with this action. Such non-party shall be deemed to avail itself of the provisions and protections of this Protective Order by making production consistent with it.

17. The provisions of this Order shall not terminate at the conclusion of this action. Within 30 days after the final conclusion of all aspects of this action by judgment not subject to appeal or by settlement, Confidential Documents and all copies of same, and all documents containing or referring to Confidential Information, other than trial and deposition transcripts,

trial and deposition exhibits, and briefs, counsel work papers, memoranda or other documents or papers filed with the Court, and declarations executed pursuant to paragraph 7 hereto, shall either be returned to the producing party or person or destroyed, with the exception of source code documents, which shall be returned to the producing party. All parties or persons that received Confidential Documents shall make certification of compliance with this section and shall either deliver same to counsel for the person that produced the documents not more than 60 days after the final conclusion of this action. The Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

18. Notwithstanding the provisions of Fed.R.Evid. 502(b), the inadvertent, mistaken, accidental or otherwise erroneous production ("Mistaken Production") during discovery of any document or other information subject to the attorney-client privilege, work-product immunity, or other privilege shall not constitute a waiver of such privilege or protection, and does not put in issue or constitute the affirmative use of the advice of counsel or of any privileged communications or result in waiver of any of the producing party's rights. The producing party shall, promptly after learning of such Mistaken Production, give notice in writing to the other parties that it is asserting a claim of privilege or other objection with respect to such document or other information. Upon receipt of such notice, the receiving party shall, within three (3) business days, or sooner if that is possible, return or destroy all such documents, and all copies and derivations thereof. The receiving party shall return the documents or information that is the subject of the Mistaken Production to the producing party, or shall confirm in writing that the documents or information that is the subject of the Mistaken Production were destroyed. If any party disputes a claim of privilege, the disputing party shall promptly notify the disclosing party

11

and may move the Court for an order related to such materials. The producing party shall seasonably supplement its privilege log to reflect the addition of each such document. Documents or information subject to Mistaken Production cannot be used for any purpose in the litigation.

19. This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order when convenience or necessity requires. Furthermore, without application to the Court, a producing party that is a beneficiary of the protections of this Order may enter a written agreement releasing a receiving party hereto from one or more requirements of this Order with respect to the producing party even if the conduct subject to the release would otherwise violate the terms herein.

20. Execution of this Order shall not constitute a waiver of the right of any party to claim in this action or otherwise that any Confidential Information, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

21. This Order shall become effective as between the parties immediately upon submission to the Court for approval, notwithstanding the pendency of approval by the Court. If approval by the Court is ultimately withheld or made conditional, no party shall treat any designated Confidential Information produced prior to that time other than as provided in this Order without giving the producing party sufficient advance notice to allow for application to the Court for additional relief.

22. Any Confidential Information appropriately designated as such produced by any party or non-party prior to submission of this Order to the Court shall be treated by the parties in accordance with this Order. Upon the Court's approval of this Order, the previously-produced Confidential Information will be automatically transitioned to protection under this Order, and will be treated in accordance with the terms of this Order.

23. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

IT IS SO ORDERED.

Dated: June 15, 2015

                                                            Judge Louise W. Flanagan
                                                            U.S. District Court

Approved as to form:

By  /s/ Matthew A. Barlow                By  /s/ Nicholas J. Sanservino, Jr.

| **WORKMAN \| NYDEGGER** | **THE NOBLE LAW FIRM, PLLC** |
|---|---|
| Matthew A. Barlow | Nicholas J. Sanservino, Jr. |
| Utah State Bar No. 9596 | N.C. Bar No. 36557 |
| mbarlow@wnlaw.com | Laura L. Noble, Esq. |
| David R. Todd | N.C. Bar No. 38691 |
| Utah State Bar No. 8004 | 308 W. Rosemary Street, Suite 303 |
| dtodd@wnlaw.com | Chapel Hill, North Carolina 27516 |
| 60 East South Temple, Suite 1000 | Telephone: (919) 251-6008 |
| Salt Lake City, UT 84111 | Facsimile: (919) 869-2079 |
| Telephone: (801) 533-9800 | nick@thenoblelaw.com |
| Facsimile: (801) 328-1707 | lnoble@thenoblelaw.com |
| ATTORNEYS FOR PLAINTIFF | ATTORNEYS FOR DEFENDANT |
| | |
| **POYNER SPRUILL LLP** | **BROWN, CRUMP, VANORE &** |
| Eric P. Stevens | **TIERENY, LLP** |
| N.C. State Bar No. 17609 | Andrew A. Vanore, III |
| estevens@poynerspruill.com | N.C. Bar No. 13139 |
| P.O. Box 1801 | P.O. Box 1729 |
| Raleigh, NC 27602-1801 | Raleigh, N.C. 27602 |
| Telephone: 919.783.1017 | Telephone: (919) 835-0909 |
| Facsimile: 919.783.1075 | Facsimile: (919) 835-0915 |
| LOCAL CIVIL RULE 83.1 | dvanore@bcvtlaw.com |
| COUNSEL FOR PLAINTIFF | ATTORNEYS FOR DEFENDANT |

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

| | ) | |
|---|---|---|
| TMM Data, LLC, a Pennsylvania limited liability company, | ) ) ) | No. 5:14-CV-729-FL |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| ASHISH BRAGANZA, an individual, | ) ) | |
| Defendant. | ) ) | |

**DISCLOSURE AGREEMENT PURSUANT TO PROTECTIVE ORDER**

I, _____, am employed by _____. In connection with this action, I am:

_____  a director, officer or employee of _____ who is directly assisting in this action;

_____  have been retained to furnish technical or other expert services or to give testimony (a "TECHNICAL ADVISOR");

_____  Other Qualified Recipient (as defined in the Stipulated Protective Order) (Describe:_____).

I have read, understand and agree to comply with and be bound by the terms of the Stipulated Protective Order in the matter of above-captioned action, pending in the United States District Court for the Eastern District of North Carolina. I further state that the Stipulated Protective Order entered by the Court, a copy of which has been given to me and which I have read, prohibits me from using any PROTECTED INFORMATION, including documents, for

1

any purpose not appropriate or necessary to my participation in this action or disclosing such documents or information to any person not entitled to receive them under the terms of the Stipulated Protective Order.  To the extent I have been given access to PROTECTED INFORMATION, I will not in any way disclose, discuss, or exhibit such information except to those persons whom I know (a) are authorized under the Stipulated Protective Order to have access to such information, and (b) have executed a Disclosure Agreement.  I will return, on request, all materials containing PROTECTED INFORMATION, copies thereof and notes that I have prepared relating thereto, to counsel for the party with whom I am associated.  I agree to be bound by the Stipulated Protective Order in every aspect and to be subject to the jurisdiction of the United States District Court for the Eastern District of North Carolina for purposes of its enforcement and the enforcement of my obligations under this Disclosure Agreement.  I declare under penalty of perjury that the foregoing is true and correct.

_____
Signed by Recipient

_____
Name (printed)

Date: _____