

Matthew A. Barlow
EMAIL: MBARLOW@WNLAW.COM

January 8, 2015

**Via Electronic Mail (nick@thenoblelaw.com)**

Nicholas J. Sanservino, Jr.
The Noble Law Firm, PLLC
308 W. Rosemary Street, Ste. 303
Chapel Hill, North Carolina 27516

       Re:    TMM Data, LLC v. Ashish Braganza, No. 5:14-cv-00729 (E.D.N.C.)
       Our File: 19574.5.3

Nick:

We have had an opportunity to consider the allegations and demands raised on your letter dated December 17, 2014 and in our telephone conversation.

Your assertions that TMM Data and its attorneys failed to perform a reasonable, good-faith inquiry into the facts alleged in the Complaint are meritless. As the Complaint makes clear, TMM Data had multiple conversations with Joseph Prunty, who was TMM Data's designated contact at Numeric Analytics. The facts alleged in the Complaint were derived from those conversations. Further, prior to filing the Complaint, TMM Data attempted to contact Jim Sunderhauf online to discuss the allegations further, but Mr. Sunderhauf did not respond to that inquiry.

After filing the Complaint, TMM Data attempted to contact Mr. Prunty to further discuss the allegations of the Complaint, but were told by Mr. Prunty that Numeric Analytics had instructed him not to talk to TMM Data. We have subsequently learned that Numeric subsequently fired Mr. Prunty in mid-December, which is curious given the timing of Mr. Sunderhauf's declaration. Mr. Prunty's firing seems to be an attempt by Numeric Analytics to silence him.

Based on TMM Data's conversations with Mr. Prunty and our investigation, we decline your request to withdraw the Complaint. While you are free to do whatever your client desires, there is no question that any Rule 11 motion you would bring based on your allegations and contentions thus far would fail. Not only is your basis for filing meritless and unhelpful in the first instance, but it would be a simple matter for us to have Mr. Prunty sign a declaration under penalty of perjury verifying the subject of his discussions with TMM Data.

We remain committed to address the merits of this case in the court. That said, we hate to waste our client's and your client's resources over such a matter when a simple settlement offer

60 East South Temple, Suite 1000 • Salt Lake City, Utah 84111 • p 801-533-9800 • f 801-328-1707
1075 Peachtree Street NE, Suite 3650 • Atlanta, Georgia 30309
www.wnlaw.com

Case 5:14-cv-00729-FL   Document 60-1   Filed 12/17/15   Page 1 of 2

remains on the table that would resolve all of this immediately.  Any such settlement must include, but is not limited to, Mr. Braganza's agreement in writing that he will not make any further slanderous statements about TMM Data to any third party.  If Mr. Braganza is willing to entertain such a settlement proposal, we can discuss an extension of time to answer in order to accommodate said discussions.

        Sincerely,

        WORKMAN | NYDEGGER

        MATTHEW A. BARLOW