

January 15, 2015

**BY EMAIL (mbarlow@wnlaw.com)**

Matthew A. Barlow, Esq.
Workman | Nydegger
60 East South Temple, Suite 1000
Salt Lake City, UT  84111

    Re:    <u>TMM Data, LLC v. Ashish Braganza</u>, No. 5:14-cv-00729 (E.D.N.C.)

Dear Matthew:

I write in response to your January 8, 2015 letter and to provide you with Mr. Braganza's settlement proposal.  There are a number of issues I want to raise in response to your letter.

1.    Tellingly, your January 8 letter does not dispute what you already have candidly admitted, which is that your Firm did <u>not</u> speak to Jim Sunderhauf before filing the Complaint.  This indisputable fact, standing alone, is more than enough to show that your Firm failed to satisfy its Rule 11 obligations.  Please advise whether TMM Data's local counsel was aware of this fact before filing the Complaint.

    You try to excuse your actions by alleging that "TMM Data attempted to contact Jim Sunderhauf online to discuss the allegations further, but Mr. Sunderhauf did not respond to that inquiry."  I am attaching the only message Mr. Sunderhauf received from TMM Data in connection with this matter.  It is dated October 11, 2014, seventeen (17) days before TMM Data filed its Complaint.  So let me get this straight – you're saying that neither TMM Data, your Firm nor local counsel attempted to follow up on this single message (via a phone call; a subsequent email; a certified letter; etc.) before filing the Complaint?  Given the Complaint's critical references to Mr. Sunderhauf (an owner of Numeric Analytics), you must have known that Rule 11 required more of you before filing the Complaint.  Mr. Sunderhauf's declaration makes this fact all the more clear, as it contains factual assertions wholly rebutting the allegations and causes of action contained in the Complaint.

2.    You state that TMM Data had "multiple conversations" with Mr. Prunty before filing the Complaint.  Assuming that is true, why did you not make "multiple" attempts to follow

**office:** 919.251.6008  **fax:** 919.869.2079  **nick@thenoblelaw.com**
The Noble Law Firm PLLC | 308 W. Rosemary Street | Suite 303 | Chapel Hill, NC 27516
Case 5:14-cv-00729-FL    Document 60-3    Filed 12/17/15    Page 1 of 3

up with Mr. Sunderhauf? You also state that after filing the Complaint, you tried to contact Mr. Prunty "to further discuss the allegations of the Complaint, but were told by Mr. Prunty that Numeric Analytics had instructed him not to talk to TMM Data." There are a host of problems with this statement. First, why was there a need to speak to Mr. Prunty *after* the Complaint was filed if you had multiple conversations with him and otherwise conducted a good-faith inquiry before filing the Complaint? Second, did you try to contact Mr. Sunderhauf and confirm that Numeric Analytics had, in fact, instructed him not to talk to TMM Data? Finally, I do not see how Numeric Analytics had any power to preclude Mr. Prunty from speaking to you in the first place.

3. Your letter falsely implies that Numeric Analytics terminated Mr. Prunty to "silence him." This is ridiculous. Numeric Analytics is not even a party to this lawsuit. Moreover, had Mr. Prunty been forthcoming with you, he would have advised that he was terminated for performance reasons that were thoroughly raised by Numeric Analytics over a period of time and before the Complaint was filed.

4. Notwithstanding the above, you state that "it would be a simple matter for us to have Mr. Prunty sign a declaration under penalty of perjury verifying the subject of his discussions with TMM Data." That's great. Please provide us with such a declaration as soon as possible, but by no later than January 22, 2015 so that we can have sufficient time to review the declaration's allegations. In any event, I have recently spoken to Mr. Prunty, who candidly provided me with some interesting (and disconcerting) information about this case. Needless to say, it will be interesting to see how Mr. Prunty testifies under oath should this case proceed to discovery.

5. The irony in all of this is that Mr. Prunty's testimony – whatever it may be – ultimately is besides the point. TMM Data's claims are premised upon the (false) allegations that due to Mr. Braganza's alleged actions, Numeric Analytics severed its business relationship with TMM Data and/or threatened to do so. (Compl., ¶¶ 17-19). Mr. Prunty, who was never been an owner of Numeric Analytics, cannot speak to this fundamental issue. However, Jim Sunderhauf can (and has via his declaration). You must have known this before filing the Complaint. Yet, you went ahead and filed it (claiming damages in excess of $75,000) without speaking to Jim Sunderhauf or any other owner of Numeric Analytics. We do not believe this meets Rule 11's standards, and we believe the Court in Mr. Braganza's home District may agree. See, e.g., Shaw v. Harris, 2014 U.S. Dist. LEXIS 51867 (E.D.N.C. Apr. 15, 2014); Lyles v. K Mart Corp., 703 F. Supp. 435 (E.D.N.C. 1989).

6. Finally, I previously advised that you filed a similar complaint a few years ago on behalf of Skullcandy, which was later voluntarily dismissed following an order to show cause for failure to prosecute. See Case No. 2:11-cv-00469 (D. Utah). In response to my inquiry about why you voluntarily dismissed the case, you advised on January 2 that "I will need to pull the file to refresh my memory." I am still waiting for you to get back to me and would appreciate a prompt response.

The terms of the attached settlement proposal take into consideration the above facts, among others. Please let me know whether TMM Data agrees to the proposal. I know you have had a difficult time getting back to me in a timely manner, so we have already started drafting Mr. Braganza's response to the Complaint so that it can be filed on or before February 6, 2015, along with other paperwork.

I look forward to hearing from you.

Very truly yours,

/s/ Nicholas J. Sanservino, Jr.

Nicholas J. Sanservino, Jr.

Attachments

cc:   Eric P. Stevens, Esq. (by email, w/attachments)