# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

| | |
|---|---|
| TMM DATA, LLC, a Pennsylvania limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> ASHISH BRAGANZA, an individual, <br><br> Defendant. | No. 5:14-CV-729-FL |

**PLAINTIFF TMM DATA, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO SEAL PROPOSED SEALED EXHIBIT B [DKT. 71] AND PROPOSED SEALED EXHIBIT D [DKT. 72]**

Pursuant to Paragraph 8 of the Court's Stipulated Protective Order (Dkt. No. 30), Local Rule 79.2(b), and Section (T)(1)(a) of the CM/ECF Policy Manual for the U.S. District Court for the Eastern District of North Carolina, Plaintiff TMM Data, Inc. ("TMM Data") seeks an order from this Court maintaining under seal Proposed Sealed Exhibit B [Dkt. 71] and Proposed Sealed Exhibit D [Dkt. 72]. On January 28, 2016, Defendant Ashish Braganza ("Defendant") filed his Memorandum in Reply to Plaintiff's Response to Defendant's Motions for Sanctions [Dkt. 70] ("Defendant's Reply"). In support of that filing, Defendant submitted Proposed Sealed Exhibit B [Dkt. 71], which is comprised of selected portions of the deposition testimony of Bob Selfridge, TMM Data's co-founder, which portions of testimony were designated at the deposition as "Confidential – Attorneys' Eyes Only." ("Selfridge Testimony"). Further in support of Defendant's Reply, Defendant filed Proposed Sealed Exhibit D [Dkt. 72], which

1

contains portions of the draft settlement agreement that was the subject of negotiations between the parties ("Draft Settlement Agreement"). The Draft Settlement Agreement contained an express provision that the terms thereof were confidential, and TMM Data further designated it as confidential by notifying Defendant that the terms thereof were confidential. Because both exhibits contain confidential information under the terms of the Stipulated Protective Order, TMM Data respectfully submits that both exhibits should be maintained under seal.

## STANDARD

Pursuant to the Stipulated Protective Order [Dkt. No. 30], a party seeking to file a document under seal must identify:

> (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested;
>
> (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access;
>
> (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access;
>
> (d) the reasons why alternatives to sealing are inadequate; and,
>
> (e) whether there is consent to the motion.

Stipulated Protective Order, ¶ 8.

## ARGUMENT

### The Selfridge Testimony

As noted above, TMM Data moves the Court for an Order maintaining the Selfridge Testimony [Dkt. No. 71] under seal. The Selfridge Testimony contains information that is confidential business information of TMM Data, as it contains a discussion regarding the specific contract entered into between TMM Data and Numeric Analytics, as well as the actual or

2

expected revenues (and pertinent details) of that relationship. Due to the sensitive nature of the testimony, it was appropriately designated as "Confidential – Attorneys' Eyes Only", pursuant to ¶ 8 of the Stipulated Protective Order [Dkt. No. 30].[1] Although the portion of the Selfridge Testimony submitted by Defendant as Proposed Sealed Exhibit B does not include the designation that was made on the record (because it happened earlier in the deposition), it does contain the notice of the end of the portion that was designated as confidential. *See* Dkt. 71, p. 96 line 10. The Declaration of Matthew A. Barlow, filed herewith, further confirms that Proposed Sealed Exhibit B was designated on the record as "Confidential – Attorneys' Eyes Only." *See* Declaration of Matthew A. Barlow In Support Of Plaintiff TMM Data, Inc.'s Motion To Seal Proposed Sealed Exhibit B [Dkt. 71] And Proposed Sealed Exhibit D [Dkt. 72] ("Barlow Decl."), ¶ 3 & Ex. A. The fact that the Selfridge Testimony contains sensitive commercial information justifies it being maintained under seal.

## Draft Settlement Agreement

Likewise, by its very terms, the Draft Settlement Agreement was designated as "Confidential" by the parties. Barlow Decl., ¶ 5 and Ex. B. Further, counsel for TMM Data reiterated TMM Data's desire to designate as confidential the terms of any settlement discussions in the course of phone conversations on November 10, 2015 as well as in email to counsel for Defendant. Barlow Decl. ¶ 5. As such, TMM Data properly designated the Draft Settlement

---

[1] Paragraph 8 of the Stipulated Protective Order reads:

> At a deposition or within thirty (30) days after the date of the deposition, counsel for any of the parties or the deponent may designate specific testimony or transcript pages as Confidential by notice on the record at the deposition or in writing to counsel for all parties and for the deponent. Until the expiration of the thirty day period, all testimony contained in the transcript volume shall be treated as ATTORNEYS' EYES ONLY. To the extent that Confidential Documents or Information contained therein are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Confidential Documents or Information, without the need for further designation.

3

Agreement and all of the discussions and terms thereof to be confidential business information under the Stipulated Protective Order.

### The Public's Right to Access

A court considering a motion to maintain documents under seal must determine the nature of the information the public's right to access. *Stone v. Univ. of Md. Medical Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988); *Hall v. United Air Lines Inc.*, 296 F. Supp. 2d 652, 679 (E.D.N.C. 2003). The traditional First Amendment right of public access does not apply unless the proposed sealed documents are submitted in connection with a dispositive motion. *See Spear v. Ernst & Young*, 1995 U.S. App. LEXIS 25900 (4th Cir. Sept. 13, 1995). Thus, when "the documents sought to be sealed do not relate to a dispositive motion, they are subject to a common law right of access by the public." *Boykin Anchor Co. v. Wong*, 2013 U.S. Dist. LEXIS 63345, at *2 (E.D.N.C. May 3, 2013) (citing *Stone v. Univ. of Md. Med. Sys*. Corp., 855 F.2d 178 (4th Cir. 1988)). Under this less stringent standard, the common law right of access may be overcome when "countervailing interests heavily outweigh the public interest in access." *Id.* (quoting *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004)). Further, the presumption affixed to the common law right of access is proscribed by a party's right to privacy and to protect confidential business information. *Glaxo Inc. v. Novopharm Ltd.*, 931 F. Supp. 1280, 1299 (E.D.N.C. 1996). Courts have uniformly held that a "well-settled exception to the right of access is the 'protection of a party's interest in confidential commercial information.'" *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653, 664 (D. N.J. 2004).

Here, the Selfridge Testimony and the Draft Settlement Agreement are relied upon in connection with the briefing on Defendant's motions for attorneys' fees and Rule 11 sanctions.

4

[Dkt. 58 and 59.] These are not dispositive motions. Accordingly, the Fourth Circuit's less stringent common law standard for maintaining this document under seal applies. *See Spear*, 1995 U.S. App. LEXIS 25900. Further, because the Selfridge Testimony and the Draft Settlement Agreement each contain information that TMM Data considers confidential commercial information, maintaining the Selfridge Testimony and the Draft Settlement Agreement under seal is appropriate. *See Glaxo*, 931 F. Supp. at 1299; *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d at 664.

## Alternatives to Sealing Are Inadequate

Finally, the court is obligated to consider less drastic alternatives to sealing, and where a court decides to seal documents, it must "state the reasons for its decision to seal supported by specific findings and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *In re Knight Publishing Co.,* 743 F.2d at 235; *accord Ashcroft v. Conoco, Inc.,* 218 F.3d 288, 302 (4th Cir.2000) ("Accordingly, before a district court may seal any court documents, we held that it must (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives."). Because, as described, the Selfridge Testimony and the Draft Settlement Agreement each contain information protected as confidential business information not generally available to the public, alternatives to sealing do not exist at the present time. Accordingly, the documents and information referenced should be permanently sealed in accordance with Local Civil Rule 79.2(b), E.D.N.C.

Defendant has indicated that he has disagreement about the confidentiality of these documents

## CONCLUSION

For the foregoing reasons, TMM Data respectfully requests that the Court issue an Order maintaining the Selfridge Testimony [Dkt. 71] and the Draft Settlement Agreement [Dkt. 72] as sealed documents.

DATED this 18th day of February, 2016.

By  */s/ Matthew A. Barlow*

**WORKMAN | NYDEGGER**
Matthew A. Barlow
Utah State Bar No. 9596
mbarlow@wnlaw.com
David R. Todd
Utah State Bar No. 8004
dtodd@wnlaw.com
60 East South Temple, Suite 1000
Salt Lake City, UT 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707
COUNSEL FOR PLAINTIFF

**POYNER SPRUILL LLP**
Eric P. Stevens
N.C. State Bar No. 17609
estevens@poynerspruill.com
P.O. Box 1801
Raleigh, NC 27602-1801
Telephone: 919.783.1017
Facsimile: 919.783.1075
LOCAL CIVIL RULE 83.1 COUNSEL

# CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**THE NOBLE LAW FIRM, PLLC**

Nicholas J. Sanservino, Jr. (N.C. Bar No. 36557)
Laura L. Noble (N.C. Bar No. 38691)
Donald C. Davis (N.C. Bar No. 38120)
308 W. Rosemary Street, Suite 303
Chapel Hill, N.C. 27516
Telephone: (919) 251-6008
Facsimile: (919) 869-2079
nick@thenoblelaw.com
lnoble@thenoblelaw.com
ddavis@thenoblelaw.com
*Attorneys for Defendant*

**BROWN, CRUMP, VANORE & TIERENY, LLP**

Andrew A. Vanore, III (N.C. Bar No. 13139)
P.O. Box 1729
Raleigh, N.C. 27602
Telephone: (919) 835-0909
Facsimile: (919) 835-0915
dvanore@bcvtlaw.com
*Attorneys for Defendant*

                                               /s/ Matthew A. Barlow