IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| TMM Data, LLC, a Pennsylvania limited liability company, | ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 5:14-CV-729-FL |
| Plaintiff, | | |
| v. | | |
| ASHISH BRAGANZA, an individual, | | |
| Defendant. | | |

**ORDER GRANTING PLAINTIFF TMM DATA, INC.'S MOTION TO SEAL DEFENDANT'S MEMORANDUM IN SUPPORT OF HIS MOTIONS FOR SANCTIONS, ATTORNEYS' FEES, COSTS, AND OTHER RELIEF [DKT. NO. 60], TO SEAL EXHIBIT 5 [DKT. 60-5] AND EXHIBIT 6 [DKT. 60-6] THERETO, AND TO SEAL DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO DISMISS WITH PREJUDICE [DKT NO. 61**

**THIS MATTER IS BEFORE THE COURT** on Plaintiff TMM Data, Inc.'s ("TMM Data") Plaintiff TMM Data, Inc.'s Motion to Seal Defendant's Memorandum in Support of His Motions for Sanctions, Attorneys' Fees, Costs, And Other Relief [Dkt. No. 60], to Seal Exhibit 5 [Dkt. 60-5] And Exhibit 6 [Dkt. 60-6] Thereto, And to Seal Defendant's Response to Plaintiff's Motion to Dismiss with Prejudice [Dkt No. 61].

As a preliminary matter, the Court notes that the traditional First Amendment right of public access does not apply to Dkt. Nos. 60, 61-5, and 61-6, because the proposed sealed documents were not submitted in connection with a dispositive motion. *See Spear v. Ernst & Young*, 1995 U.S. App. LEXIS 25900 (4th Cir. Sept. 13, 1995). Thus, "they are subject to a common law right of access by the public." *Boykin Anchor Co. v. Wong*, 2013 U.S. Dist. LEXIS

63345, at *2 (E.D.N.C. May 3, 2013) (citing *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178 (4th Cir. 1988)). Under this less stringent standard, the common law right of access may be overcome when "countervailing interests heavily outweigh the public interest in access." *Id.* (quoting V*irginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004)). In applying this less stringent standard, the Court has carefully considered the prerequisites for a motion to seal set forth in *In re Knight Publishing Company*, 743 F.2d 231 (4th Cir. 1984), and *Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178, 179-80 (1988), and concludes that these prerequisites for a motion to seal have been satisfied.

Although Dkt. No. 61 was filed in opposition to what could be termed as a dispositive motion (a motion for voluntary dismissal), the Court's Order on said motion for voluntary dismissal does not rely in any manner on the Term Sheet (*See* Dkt. No. 77), and the public right of access is therefore not presumed. As such, the aforementioned prerequisites for a motion to seal have been satisfied.

Further, the Court concludes that the Term Sheet (Dkt. Nos. 60-5 and 60-6), and the provisions thereof, should be filed under seal, and no less drastic alternatives exist. The Term Sheet contains information that comprises confidential business information of TMM Data, and the references from the associated memoranda to the provisions of the proposed settlement (Dkt. Nos. 60 and 61) which are properly filed under seal.

For the foregoing reasons, the Court concludes that:

- Defendant's Memorandum in Support of His Motions for Sanctions, Attorneys' Fees, Costs, And Other Relief [Dkt. No. 60] should be placed under seal, and

plaintiff is DIRECTED to file within 7 days hereof the redacted version attached to TMM Data's supporting memorandum as Exhibit A;

- Exhibit 5 to Defendant's Memorandum in Support of His Motions for Sanctions, Attorneys' Fees, Costs, And Other Relief [Dkt. 60-5] should be placed under seal;

- Exhibit 6 to Defendant's Memorandum in Support of His Motions for Sanctions, Attorneys' Fees, Costs, And Other Relief [Dkt. 60-6] should be placed under seal; and

- Defendant's Response to Plaintiff's Motion to Dismiss with Prejudice [Dkt. No. 61] should be placed under seal, and plaintiff is DIRECTED to file within 7 days hereof the redacted version attached to TMM Data's supporting memorandum as Exhibit B.

TMM Data's Motion to Seal is therefore GRANTED. The clerk of court is directed to place under seal Docket Entry Nos 60, 60-5, 60-6, and 61. Plaintiff is DIRECTED to file within 7 days of the date of this order the redacted version of Docket Entry Nos 60 and 61, as attached to plaintiff's memorandum in support of the motion to seal.

SO ORDERED, this the 10th day of May, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge